1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JESSE WASHINGTON,

11          Plaintiff,                No. CIV S-05-0525 LKK KJM P

12      vs.

13   LEE ALEXANDER, et al.,

14          Defendants.          FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a California prisoner proceeding pro se with an action for violation of

17   civil rights under 42 U.S.C. § 1983.  Defendants Alexander, Madrigal, Kissinger, Hubbard,

18   McDonald, Peery, Brown, Gunter, Norgaard, Feliciano and Cole (collectively "defendants") have

19   filed a motion to dismiss.[1]  Defendants argue plaintiff's claims must be dismissed because

20   plaintiff failed to exhaust administrative remedies with respect to those claims prior to filing suit,

21   and that some of plaintiff's claims must be dismissed under Federal Rule of Civil Procedure

22   12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff opposes

23   defendants' motion.

24   _____

25      [1]  On May 3, 2006, the court ordered service of process on these defendants, and
     defendant Mangis, pursuant to 28 U.S.C. § 1915A(b).  Defendant Mangis was dismissed on
     November 20, 2006.  Defendant Cole joined the motion to dismiss on October19, 2006.  The
26   motion itself was filed by the other defendants on September 1, 2006.

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at 1120.  If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice.  Id.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  California Department of Corrections and Rehabilitation (CDCR) regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.  All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal.  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  Defendants bear the burden of proving plaintiff's failure to exhaust.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

In this court's April 5, 2006 order the court indicated that plaintiff's complaint states claims upon which relief can be granted under the Eighth Amendment against moving defendants Alexander, Madrigal, Feliciano, Cole and Kissinger.  The court also found that plaintiff's complaint states claims upon which relief can be granted under the First Amendment against moving defendants Alexander, Madrigal, Hubbard, McDonald, Peery, Brown, Gunter and Norgaard.[2]

---

[2]  To the extent the court does not discuss in these findings and recommendations claims asserted by plaintiff in his complaint, those claims were screened out by the April 5, 2006 order.

1    In opposing defendants' motion, plaintiff suggests that administrative procedures

2    were unavailable to him because "defendants, their agency and the Director of Corrections []

3    failed to timely respond[] to several of plaintiff's submitted grievances." Opp'n at 16:12-16; see

4    also Compl. at 3.  Plaintiff appears to assert that defendants' failure to timely respond, in certain

5    instances at least, qualifies him for an exception to the exhaustion requirement.  Opp'n at 16:14.

6    As a general argument, plaintiff's argument is unavailing.  The court, however, will consider any

7    evidence produced by plaintiff demonstrating the unavailability to him of administrative

8    procedures with respect to any particular grievance.  Such an evaluation is best performed

9    grievance by grievance, as follows.

10    In his complaint plaintiff asserts defendants Alexander, Cole, Madrigal and

11    Brown took action, or failed to take action, between January 21 and January 24, 2004, which

12    resulted in a violation of plaintiff's constitutional rights.  Compl. at 5:18-8:3.  Defendants present

13    evidence indicating plaintiff did not file a grievance with respect to these events.  Mot., Ex. A

14    (Babich Decl.) at ¶¶ 6-7.  In his opposition, plaintiff asserts he did file a grievance regarding

15    these events, but the grievance was not answered.  Opp'n (docket no. 38) at 17:4-13.  Plaintiff

16    cites to an exhibit he says supports his assertion, but the exhibit is not attached to plaintiff's

17    opposition.  In fact, there are no exhibits attached to plaintiff's opposition or otherwise filed with

18    the court in connection with the opposition.[3]  There is an exhibit attached to the complaint that

19    grieves events between January 21 and 24, 2004, but there is no indication this grievance was

20    actually filed.  See Compl, Ex. K-1.  Because plaintiff fails to point to any cognizable evidence

21    refuting defendants' showing that any claims arising from the events occurring between January

22    21 and January 24, 2004 have not been exhausted, the court will recommend that those claims be

23    dismissed.

24    _____

25    [3]  The court acknowledges plaintiff's statements that a total of thirty exhibits are attached
to his opposition brief.  See "Cover Sheet" (docket no. 36) at 2; see also Opp'n at 16:16.  A

26    careful review of the court's docket, however, discloses no exhibits on file in connection with the
opposition.

1    Plaintiff alleges in his complaint that defendant Cole retaliated against plaintiff for

2    filing an inmate grievance against Cole.  Compl. at 9:8-10:3.  Plaintiff claims Cole fabricated a

3    disciplinary report against plaintiff, which resulted in plaintiff losing canteen privileges for 90

4    days.  Id.  Defendants present evidence indicating plaintiff failed to file an inmate grievance with

5    respect to this claim.  Babich Decl. ¶ 9.  Plaintiff fails to present any argument or evidence in

6    opposition.  Therefore, the court will recommend that this claim be dismissed.

7    Plaintiff alleges that on April 1, 2004, defendant Hubbard failed to submit court

8    documents in a timely manner on behalf of plaintiff.  Compl. at 11:15-12:10.  Plaintiff asserts

9    defendant Hubbard's actions caused a separate lawsuit filed by plaintiff to be dismissed.  Id.

10   Defendants present evidence indicating plaintiff failed to file an inmate grievance with respect to

11   this claim.  Babich Decl. ¶ 11.  Plaintiff fails to present any evidence in opposition.  Opp'n at

12   19:16-27.  Therefore, the court will recommend that this claim be dismissed.

13   Next, plaintiff alleges in his complaint that on April 15, 2004 defendant

14   McDonald failed to modify plaintiff's term in the Security Housing Unit in retaliation for a

15   grievance plaintiff filed against Correctional Officer Gillam.  Compl. at 14:12-15:11.  Defendants

16   present evidence indicating plaintiff failed to file an inmate grievance with respect to this claim.

17   Babich Decl. ¶ 13.  Plaintiff fails to present any evidence in opposition.  Opp'n at 20:1-9.

18   Although he references an exhibit attached to the complaint, that exhibit demonstrates only that

19   plaintiff exhausted the administrative process with respect to his underlying grievance against

20   Officer Gillam; the grievance does not cover any subsequent actions of McDonald.  See Compl.,

21   Ex. J.  Therefore, the court will recommend that this claim be dismissed.

22   Plaintiff alleges that the failure of defendants Norgaard and Gunter to allow

23   plaintiff to appear telephonically at a status conference concerning a civil action filed by plaintiff

24   caused that action to be dismissed.  Compl. at 15:17-16:7.  Defendants present evidence

25   indicating plaintiff did not file a grievance with respect to this claim.  Babich Decl. ¶ 14.

26   Plaintiff fails to present any evidence in opposition.  Opp'n at 19:16-28.  Therefore, the court will

4

1  recommend that this claim be dismissed.

2         Plaintiff alleges defendant Peery retaliated against plaintiff by filing false

3  disciplinary charges against plaintiff on May 31, 2004.  Compl. at 16:8-18:16.  Defendants

4  present evidence indicating plaintiff did not file a grievance with respect to this claim.  Babich

5  Decl. ¶ 15.  Although plaintiff says that he did file a grievance and it was granted, he fails to

6  present any evidence demonstrating as much.  Opp'n at 20:10-19.  Therefore, the court will

7  recommend that this claim be dismissed.

8         Plaintiff alleges defendants Alexander, Brown and Madrigal violated plaintiff's

9  constitutional rights by searching his cell and confiscating certain items on June 5, 2004.  Compl.

10  at 21:1-20.  Defendants present evidence indicating that plaintiff filed a grievance concerning the

11  June 5, 2004 search, but the grievance process was not complete until September 20, 2005,

12  approximately six months after this case was filed.  Mot., Ex. B (Grannis Decl.) ¶ 21 & Ex. B-2.

13  Plaintiff does not dispute this, although he does suggest his appeal was not processed in a timely

14  manner.  Opp'n at 18:18-19:2.  Because administrative remedies have to be exhausted with

15  respect to a claim before the claim is filed, 42 U.S.C. § 1997e(a), plaintiff's claims arising from

16  the June 5, 2004 cell search must be dismissed.  McKinney, 311 F.3d at 1200.

17         Plaintiff alleges that on June 12, 2004 defendants Feliciano and Kissinger

18  subjected plaintiff to excessive force and deprived plaintiff of certain items, which resulted in a

19  violation of plaintiff's Eighth Amendment rights.  Compl. at 22:17-23:20.  Defendants present

20  evidence indicating plaintiff did not file a grievance with respect to these claims.  Babich Decl.

21  ¶ 18.  Plaintiff fails to present any evidence in opposition.  Opp'n at 18:1-17.  Therefore,

22  plaintiff's claims arising from events occurring on June 12, 2004 must be dismissed.

23         Finally, plaintiff alleges that on July 20, 2004, defendants Gunter and Norgaard

24  failed to take steps to make it possible for  plaintiff to appear telephonically at a hearing in a

25  court case, which resulted in an adverse ruling in that court case.  Compl. at 24:7-25:21.

26  Defendants present evidence indicating that plaintiff did not file a grievance with respect to this

1 incident.  Babich Decl. ¶ 19.  An exhibit attached to plaintiff's complaint appears to include a

2 grievance concerning a July 20, 2004 failure to make plaintiff available for a telephonic

3 conference; the grievance references Norgaard.  See Compl., Ex. K-2.  However, there is no

4 indication that the grievance was pursued through the Director's Level and defendants provide

5 evidence indicating that it was not.  Grannis Decl. ¶ 23; see also Opp'n at 19:21-28.  Therefore

6 the court will recommend that plaintiff's claims against defendant Gunter and Norgaard arising

7 from their failure to make plaintiff available for a telephonic conference on July 20, 2004, also be

8 dismissed.

9        Defendants argue in their motion to dismiss that some of plaintiff's claims should

10 be dismissed for failure to state a claim upon which relief can be granted.  Because the court

11 finds that plaintiff has failed to exhaust administrative remedies with respect to all of the claims

12 remaining in this action, the court declines to reach this argument.

13        Accordingly, IT IS HEREBY RECOMMENDED that:

14        1.  The September 1, 2006 motion to dismiss filed by defendants Alexander

15 Madrigal, Kissinger, Hubbard, McDonald, Peery, Brown, Gunter, Norgaard, Feliciano and Cole

16 be granted; and

17        2.  This case be closed.

18        These findings and recommendations are submitted to the United States District

19 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

20 days after being served with these findings and recommendations, any party may file written

21 objections with the court and serve a copy on all parties.  Such a document should be captioned

22 /////

23 /////

24 /////

25 /////

26 /////

6

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

2   shall be served and filed within ten days after service of the objections.  The parties are advised

3   that failure to file objections within the specified time may waive the right to appeal the District

4   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5   DATED:  August 10, 2007.

6

7                                                                          _____

8                                                                          U.S. MAGISTRATE JUDGE

9

10  1

    wash0525.57

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26