IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE WASHINGTON,

     Plaintiff,                    No. CIV S-05-0525 LKK KJM P

    vs.

LEE ALEXANDER, et al.,

     Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a California prisoner proceeding pro se with a prisoner civil rights action alleging a violation by defendant Hubbard (defendant) of plaintiff's First Amendment right to access the courts when defendant allegedly failed to mail certain legal documents for plaintiff. Defendant is an employee of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff has brought three motions to compel relating to discovery requests he avers defendant has not responded to.

1. <u>Plaintiff's July 16, 2008 Motion To Compel Interrogatory Responses</u> (Docket No. 60)

        Plaintiff asks the court to compel defendant to provide further answers to plaintiff's interrogatories, numbers 9, 16, 17 and 21.

/////

/////

Defendant objects to answering interrogatory number 9 on the grounds that it is vague, unintelligible and compound. Interrogatory number 9 reads as follows:

> "During any of those interviews in no. 8 above,[1] did you discuss and make decisions to grant plaintiff's 602 appeals relating to small claims court case ATP-03502465, Antelope Valley, where for, plaintiff's legal mail was not sent out from institutional mail room?"

Interrogatory number 9 is indeed difficult to decipher. Even if the court construed the interrogatory in a particular way, it does not appear that an answer to the interrogatory could lead plaintiff to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). Defendant will not be ordered to respond further to interrogatory number 9.

In interrogatory number 16, plaintiff asks defendant how many times defendant interviewed plaintiff between March 1, 2004 and August 1, 2004. Defendant answered the question by saying he does not recall; with his opposition, he has provided an affidavit affirming as much. See Declaration of K. Hubbard in Supp. Opp'n to Mot. To Compel (Hubbard Decl.). Plaintiff fails to point to anything suggesting defendant actually does recall or is otherwise being evasive in his response.[2] Defendant will not be ordered to respond further to interrogatory number 16. Moreover, plaintiff asserts he can ascertain the answer to this question himself by examining his own prisoner central file. If plaintiff can determine the answer to this question by examining records to which he has access, there is no need to require defendant to examine those documents to answer plaintiff's interrogatory. See Fed. R. Civ. P. 33(d).

In interrogatory number 17, plaintiff asks defendant to provide his CDCR job description for the post to which he was assigned between March 1, 2004 and August 1, 2004.

---

[1] Neither party has provided the text of interrogatory number 8.

[2] Of course, plaintiff is free to attempt to impeach defendant with his answer in any appropriate manner if this case goes to trial.

1  Defendant asserts here as well he does not recall the job description.³  Again, plaintiff fails to

2  point to anything suggesting defendant's answer is evasive; therefore defendant will not be

3  ordered to respond further.

4          Interrogatory number 21 reads as follows:

5       "What are the [High Desert State Prison] mailroom procedures in
     correcting mailroom process violations when inmates' legal mail
6       does not get processed out due to mailroom staff errors."

7  Defendant objects to interrogatory number 21 on the grounds that it is vague, assumes facts,

8  lacks foundation and is an incomplete hypothetical.  In his reply to defendant's opposition to the

9  motion to compel., plaintiff clarifies that "the requested information is defendant's agency

10  mailroom policy."  Opp'n at 6.  Because it is possible an answer to this interrogatory could lead

11  to the discovery of admissible evidence, the court will direct defendant to respond to this

12  interrogatory, to the extent he is able, by describing the High Desert State Prison mail room

13  policy with respect to lapses in the processing of inmates' legal mail.

14          In light of the foregoing, plaintiff's motion to compel further responses to

15  plaintiff's interrogatories will be granted in part and denied in part.

16  2. <u>Plaintiff's July 16, 2008 Motion To Compel Admissions</u> (Docket No. 61)

17          Plaintiff asks that the court compel defendant to provide further responses to

18  plaintiff's request for admissions, numbers 3 and 10.  In request number 3, plaintiff asks

19  defendant to admit he interviewed plaintiff on more than two occasions between January 2003

20  and July 2004.  In request number 10, plaintiff asks defendant to admit plaintiff had a "legal

21  deadline" in his small claims action sometime between January 2003 and July 2004.  Defendant

22  responded to request numbers 3 and 10 by indicating he does not have sufficient information or

23  belief to admit or deny the statements presented.  <u>See also</u> Hubbard Decl. ¶ 3.  Nothing suggests

---

    ³ In his affidavit in opposition to the motion to compel, defendant suggests there could be security concerns if the job description is released.  Hubbard Decl. ¶ 4.  Because this concern was not made in the form of an objection to interrogatory 17, it has been waived as to the interrogatory.

1 defendant's answer is evasive thereby warranting an order compelling further response.

2 Therefore, plaintiff's motion to compel will be denied.

3  3.  <u>Plaintiff's July 16, 2008 Motion To Compel Documents</u> (Docket No. 62)

4   Plaintiff asks the court to compel defendant's further responses to document

5 request numbers 1, 2, 5 and 6.

6   With respect to request numbers 1, 2 and 5, defendant indicated that the

7 documents requested are not in his possession, custody or control.  On the record before it, the

8 court has no reason to believe this representation is untrue.  With respect to request number 1 as

9 well, defendant objected that production of the requested job description would violate the

10 confidential nature of the document and jeopardize institutional security.

11   In light of defendant's representation that he does not have the documents sought

12 by request numbers 1, 2 and 5, the court will not compel defendant to respond further to these

13 requests.  The court will, however, grant plaintiff thirty days within which to subpoena the

14 appropriate CDCR officials to obtain the following documents he seeks:

15   1) Copies of defendant's job description for the job defendant held between

16 March 1, 2004 and August 1, 2004 in the High Desert State Prison mail room;[4]

17   2) Copies of any CDCR regulations or policies governing the manner in which

18 CDCR employees mail documents to courts on behalf of prisoners; and

19   3) Any memoranda generated at High Desert State Prison concerning operations

20 in the mail room that concern the processing of inmate mail to the courts, generated between

21 March 1, 2004 and August 1, 2004.

22   As for the documents requested in request to produce number 6, defendant states

23 he has produced relevant documents, including excerpts from Title XV of the California

---

[4] While defendant's blanket objection based on confidentiality and institutional security is overruled, if CDCR officials believe in good faith that limited portions of the job description need to be redacted to maintain institutional security, they may seek court approval of such redaction.

4

Administrative Code and the CDCR operations manual (DOM).  Plaintiff asserts he did not receive any excerpts from the DOM.  Good cause appearing, the court will order defendant to re-serve plaintiff with copies of the DOM excerpts that defendant claims he previously served on plaintiff.

4. <u>Plaintiff's August 6, 2008 Request For An Extension Of Time</u>

On August 6, 2008 plaintiff filed and served a request for an extension of time to file a reply brief to defendant's opposition to his motions to compel.  The opposition was filed on July 29, 2008.  The reply brief was filed on August 7, 2008.  Under Local Rule 78-230(m), the deadline for the plaintiff to file his reply was August 7, 2008.  Therefore, plaintiff's request for an extension of time will be denied as unnecessary.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 16, 2008 Motion to Compel Interrogatory Responses (docket no. 60) is granted in part and denied in part as follows:

    A.  Within ten days, defendant shall respond to interrogatory number 21 by describing the High Desert State Prison mail room policy with respect to lapses in the processing of inmates' legal mail.

    B.  The motion is denied in all other respects.

2. Plaintiff's July 16, 2008 Motion to Compel Admissions (docket no. 61) is denied.

3. Plaintiff's July 16, 2008 Motion to Compel Documents (docket no. 62) is granted in part and denied in part as follows:

    A. Plaintiff is granted thirty days to subpoena the appropriate CDCR officials to provide plaintiff with the following documents:

        i. Copies of defendant's job description for the job defendant held between March 1, 2004 and August 1, 2004 in the High Desert State Prison mail room;

5

ii. Copies of any CDCR regulations or policies governing the manner in which CDCR employees mail documents to courts on behalf of prisoners; and

iii. Any High Desert State Prison memoranda generated between March 1, 2004 and August 1, 2004 regarding operations in the mail room that concern the processing of inmate mail to the courts.

B. Within ten days, defendant Hubbard shall re-serve plaintiff with the excerpts of the CDCR operations manual that defendant claims he previously served in response to plaintiff's request for production of documents, number 6.

C. Plaintiff's motion is denied in all other respects.

4. Plaintiff's August 6, 2008 request for an extension of time is denied.

DATED: September 30, 2008.

_____
U.S. MAGISTRATE JUDGE

1/ar
wash0525.mtc