IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE WASHINGTON,

      Plaintiff,                    No. CIV S-05-0525 LKK KJM P

   vs.

LEE ALEXANDER, et al.,

      Defendants.            FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff is a California prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Plaintiff's only remaining claim is that defendant Hubbard (defendant) violated plaintiff's First Amendment right to access the courts when defendant allegedly failed to mail certain legal documents for plaintiff.  Defendant is an employee of the California Department of Corrections and Rehabilitation (CDCR) and seeks summary judgment.

I. <u>Summary Judgment Standards</u>

      Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

/////

/////

1

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

1  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
2  1436 (9th Cir. 1987).

3        In the endeavor to establish the existence of a factual dispute, the opposing party
4  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
5  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
6  versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
7  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
8  genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
9  committee's note on 1963 amendments).

10       In resolving the summary judgment motion, the court examines the pleadings,
11 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
12 any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,
13 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the
14 court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.
15 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
16 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
17 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
18 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
19 show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
20 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
21 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

22       On May 3, 2006, the court advised plaintiff of the requirements for opposing a
23 motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154
24 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v.
25 Eikenberry, 849 F.2d 409 (9th Cir. 1988).
26 /////

II. <u>Analysis</u>

Plaintiff alleges as follows: (1) plaintiff had a negligence action pending in a small claims court, (2) defendant, the prison mail room supervisor at plaintiff's prison, failed to timely mail material related to the small claims case, which (3) caused the case to be dismissed. <u>See</u> Compl. ¶¶ 23-24, 47-48, 62-63.

Defendant's first argument in favor of summary judgment is that plaintiff does not have a constitutional right to access a small claims court to pursue a negligence case. In <u>Lewis v. Casey</u>, 518 U.S. 343 (1996), the Supreme Court identified three categories of claims prisoners must be given access to the courts to pursue: (1) direct appeals from convictions, (2) post-conviction actions, and (3) actions under 42 U.S.C. § 1983 to vindicate basic constitutional rights. <u>Lewis v. Casey</u>, 518 U.S. 343, 354 (1996). The Court stressed that:

> ". . . [the right to access courts] does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."

<u>Id.</u> at 355 (emphasis in original).

Because the Supreme Court has indicated that plaintiff does not have a constitutional right to access the small claims court to pursue a negligence claim, defendant Hubbard should be granted summary judgment as to plaintiff's only claim remaining in this action. In light of the foregoing, the court need not address defendant's other arguments in support of summary judgment.

/////
/////
/////
/////

III. Deposition Transcript

The parties also dispute whether plaintiff was allowed to review the transcript of his deposition for errors. In light of the analysis set forth above, and because the content of the transcript is not material to resolution of defendant's summary judgment motion, the court need not resolve this dispute.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Hubbard's motion for summary judgment (#66) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 1, 2008.

_____
U.S. MAGISTRATE JUDGE

1/ar wash0525.57